108 F.3d 1385
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
KAN INTERNATIONAL, INC., Plaintiff-Appellee,
v.
COASTAL TANKSHIPS U.S.A., INC.; Coscol Marine Corporation,
Defendants-Appellants.
 No. 95-56361.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 5, 1997.
Submission Deferred Feb. 5, 1997.
Resubmitted Feb. 20, 1997.
Decided March 11, 1997.
 
 1
 Before: BEEZER and KOZINSKI, Circuit Judges, and INGRAM,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Kan's recovery for breach of contract precludes any recovery under a quantum meruit theory, as the only purpose of "quantum meruit recovery is to compensate plaintiffs who have provided a benefit to defendants but who do not have a contract--express or implied--with those defendants." Carolco Television, Inc. v. National Broadcasting Co. (In re DeLaurentiis Entertainment Group, Inc.), 963 F.2d 1269, 1273 (9th Cir.1992).
 
 
 4
 Nevertheless, because there is no genuine issue of material fact as to the amount of Kan's contract damages, the district court properly awarded Kan $141,970.21. Although the jury only awarded Kan $35,492.50 for breach of contract, there was no real dispute at trial that if Kan was appellant's broker, it was entitled to its full 1.25 percent commission. There was some testimony that Kan received only a .65 percent commission on another deal, but both sides agreed this payment was a gift, not a payment obligated by contract.
 
 
 5
 The district court did err, however, in awarding Kan prejudgment interest. Kan's contract action was governed by federal admiralty law--not California state law--because charterparty brokerage has a significant impact on "maritime commerce." Exxon Corp. v. Central Gulf Lines, Inc., 500 U.S. 603, 612 (1991). Kan was therefore required to submit any claim for prejudgment interest to the jury, which it failed to do. See Glynn v. Roy Al Boat Management Corp., 57 F.3d 1495, 1505 (9th Cir.1995), cert. denied, 116 S.Ct. 708 (1996).
 
 
 6
 AFFIRMED in part, REVERSED in part, and REMANDED with instructions to enter a new judgment for plaintiff in the amount of $141,970.21. No costs.
 
 
 
 *
 The Honorable William A. Ingram, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3